*679 MEMORANDUM **
Washington State prisoner Brenton Dwayne Thompson appeals pro se from the district court’s summary judgment in his action alleging that the defendants violated his First Amendment right to free exercise of his religion, his Fourteenth Amendment right to equal protection, and the Religious Land Use and Institutionalized Persons Act (“RLUIPA”) by refusing to provide him with a Halal, or in the alternative a Kosher, diet. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, Fair Hous. Council v. Riverside Two, 249 F.3d 1132, 1135 (9th Cir.2001), and we affirm.
The district court properly concluded that Thompson’s religious beliefs are sincerely held and that there are triable issues as to whether the prison’s policy violates the First Amendment or RLUIPA. See Shakur v. Sclmro, 514 F.3d 878, 885, 888, 891 (9th Cir.2008) (holding that the sincerity test determines whether the Free Exercise Clause applies and that summary judgment for defendants was improper on Free Exercise and RLUIPA claims where record was inadequate to determine the extent of the burden of accommodation on the prison or the existence of less restrictive alternatives). The district court also properly concluded that the defendants are entitled to qualified immunity because it was not clearly-established at the time of the violation that the defendants were required to provide him with either Halal or Kosher meals with meat in lieu of an ovo-lacto diet. See Pearson v. Callahan, — U.S. —, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009) (noting that the two-step sequential inquiry of Saucier v. Katz is no longer mandatory); Saucier v. Katz, 533 U.S. 194, 200-01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (“Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.”).
Additionally, the district court properly granted summary judgment on Thompson’s Fourteenth Amendment equal protection claim because he failed to present evidence that prison officials intentionally discriminated against him on the basis of his Islamic faith. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir.1997), abrogated on other grounds as stated in Shakur, 514 F.3d at 884-85 (section 1983 plaintiff must show that officials intentionally acted in a discriminatory manner to establish an equal protection claim).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.